**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CPS MED MANAGEMENT LLC f/k/a MCKESSON MEDICATION MANAGEMENT, LLC, | Civil Action No. 2:09-cv-4572 |
| Plaintiff, | |
| v. | |
| BERGEN REGIONAL MEDICAL CENTER, L.P., | |
| Defendant. | |
| CPS MED MANAGEMENT LLC, | |
| Third Party Plaintiff, | |
| v. | |
| McKESSON CORPORATION, | |
| Third Party Defendant. | |

**DEFENDANT BERGEN REGIONAL MEDICAL CENTER'S**
**MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF CPS**
**MEDMANAGEMENT'S MOTION FOR RECONSIDERATION**

Anthony Argiropoulos, Esq.
Andrew W. Schwartz, Esq.
SILLS CUMMIS & GROSS P.C.
650 College Road East
Princeton, New Jersey 08540
Tel. (609) 227-4600
Fax (609) 227-4646
Attorneys for Defendant
Bergen Regional Medical Center

## TABLE OF CONTENTS

**Page**

Preliminary Statement ...................................................................... 1

Legal Argument ................................................................................ 2

I.   Standard for Reconsideration .................................................. 2

II.  The Court Did Not Commit Manifest Error by Relying
     On Controlling Third Circuit Law in In re New
     Valley Corporation ..................................................................... 4

III. The Court Properly Dismissed The Hospital's
     Negligence Counterclaim Without Prejudice ........................... 7

Conclusion ........................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

American Flint Glass Workers Union, AFL–CIO v. Beaumont
Glass Co., 62 F.3d 574 (3d Cir. 1995)..................................................   5

Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834
(D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).......................   3

Gilgallon v. County of Hudson, No. 02–CV–5948 DMC,
2006 WL 477042  (D.N.J. Feb. 28, 2006).....................................   3

In re New Valley Corporation, 89 F.3d 143 (3d Cir. 1996)..............   passim

Max's Seafood Café ex rel. Lou–Ann, Inc. V. Quinteros,
176 F.3d 669 (3d Cir. 1999)............................................................   1, 2

NL Indus. Inc. V. Commercial Union Ins. Co., 935 F. Supp.
513 (D.N.J. 1996)...............................................................................   2

Scott v. IBM Corp., 2000 U.S. Dist. LEXIS 17979 (D.N.J.
Nov. 29, 2000).....................................................................................   3

Sporn v. Ocean Colony Condo. Assoc., 173 F. Supp.2d 244
(D. N.J. 2001)......................................................................................   8

Tischio v. Bontex, Inc., 16 F. Supp. 2d 511 (D.N.J. 1998).............   3

**OTHER AUTHORITIES**

Lite, N.J. Federal Practice Rules, Comment 6(e) to
L.Civ.R. 7.1 (GANN), p. 78 ..........................................................   3

## PRELIMINARY STATEMENT

The Court should deny Plaintiff CPS Med Management LLC's ("CPS") motion for reconsideration of the Court's denial of CPS's motion for summary judgment as to defendant Bergen Regional Medical Center's (the "Hospital") counterclaims. The Court did not commit any "manifest errors of law or fact" and CPS does not present any "newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). This is simply CPS's attempt at a second bite of the apple.

First, CPS improperly challenges the ambiguity standard of *In re New Valley Corporation*, 89 F.3d 143 (3d Cir. 1996) for determining that the contractual term "appropriate," as applied to CPS's obligation to purchase the lowest priced drugs for the Pharmacy, is ambiguous. This is too little, too late. Not only is the Third Circuit's standard correct and controlling, but **CPS failed to raise this argument in 369 pages of filed motion papers or during the two-hour oral argument in which CPS's arguments were presented by two separate law firms.** Assuming CPS did not altogether waive its challenge to the *New Valley* standard, CPS certainly does not get a "do-over."

Second, CPS asks the court "to rethink what it has already thought through" by raising a new argument that compares the

contractual term "appropriate" as it relates to CPS's obligation to purchase inventory for the Hospital pharmacy to CPS's obligation to maintain reasonable salaries for Pharmacy employees. Even if such argument were persuasive, which it is not, again, it is too little too late. The Court correctly determined that it is up to a jury—not to the court—to determine the meaning of "appropriate" in the contract's context.

Accordingly, CPS has failed to satisfy its burden on its motion for reconsideration, which must be denied.[1]

## LEGAL ARGUMENT

### I.    Standard for Reconsideration.

Reconsideration is an "extraordinary remedy" that should be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996). Motions for reconsideration serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café, supra,* 176 F.3d at 677 (citation omitted). "Thus, motions for reconsideration succeed only where 'dispositive factual matters or controlling decisions of law' ***were presented to the court*** but not considered, <u>and</u> if the

---

[1] CPS only seeks partial reconsideration of the Court's decision with regard to (a) the Hospital's counterclaim that CPS failed to purchase drugs at the lowest possible cost, and (b) the Hospital's voluntary dismissal of its negligence counterclaim. All other findings in the Court's decision denying CPS's motion for summary judgment on the Hospital's counterclaims, including with regard to the Hospital's claims that CPS failed to properly adjudicate claims and that CPS failed to properly manage the Pharmacy's inventory, remain unchallenged by CPS.

'overlooked matter . . . might reasonably have resulted in a different conclusion by the Court.'" *Lite, N.J. Federal Practice Rules,* Comment 6(e) to L.Civ.R. 7.1 (GANN), p. 78 (*citing Scott v. IBM Corp.,* 2000 U.S. Dist. LEXIS 17979 (D.N.J. Nov. 29, 2000)) (emphasis added).

Reconsideration cannot be used to re-litigate old matters. *Gilgallon v. County of Hudson,* No. 02-CV-5948 DMC, 2006 WL 477042, at *2 (D.N.J. Feb. 28, 2006) (Parties cannot recapitulate arguments previously considered by the court.) A manifest error is not demonstrated by the disappointment of the losing party or a repetition "of the cases and arguments considered by the court before rendering its original decision." *Bermingham v. Sony Corp. of Am., Inc.,* 820 F. Supp. 834, 856-57 (D.N.J. 1992), *aff'd,* 37 F.3d 1485 (3d Cir. 1994). "It is improper for a motion for reconsideration to ask the court to rethink what it has already thought through – rightly or wrongly." *Gilgallon,* 2006 WL 477042, at *2 (quotations and citations omitted). In sum, reconsideration should not "provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

Here, CPS does not present any newly discovered evidence or previously presented case law that was ignored by the Court. CPS's motion for reconsideration is therefore improper and it

must be denied.

## II.  The Court Did Not Commit Manifest Error by Relying on Controlling Third Circuit Law in *In re New Valley Corporation*.

Section 1.5(b) of the Agreement requires CPS to "order and maintain an inventory of Drugs on behalf of [the Hospital] appropriate for the operation of the Pharmacy and o meet the requirements of [the Hospital's] Medical staff . . . ."  The Court determined that the general and undefined "term 'appropriate' may incorporate a variety of requirements" especially given the complexity of the of the professional services at issue and CPS's purported skilled expertise in pharmacy management.  *See* Opinion, at 28.  In short, the court held that in view of the facts and circumstances "appropriate" was a term susceptible of different meanings, and "what is appropriate presents a factual issue that is not resolved by the present record."  *Id*.  On this basis, the Court correctly denied CPS's motion for summary judgment.

In reaching this decision, the Court correctly relied on controlling Third Circuit precedent *In re New Valley Corporation*, 89 F.3d 143 (3d Cir. 1996) to determine that "appropriate" is ambiguous.  CPS was aware of this precedent over a year before its motion for reconsideration because *New Valley* figured prominently in the Hospital's opposition to CPS's summary judgment motion.  The Hospital argued that a finding of

ambiguity is proper if "the terms [of the contract] are susceptible to different meanings." D. Br., at 16 [Docket No. 63], citing *New Valley*, 89 F.3d at 150. CPS could have challenged this binding Third Circuit authority in its reply brief or at oral argument, but it did not. *See, e.g.,* P. R. Br., at 12–14 [Docket No. 65].[2]

Instead, following over 1,500 pages of submissions to the Court, over two hours of oral argument a year later, and a detailed 34–page Opinion issued by the Court, CPS is now trying to relitigate the motion that it lost. This is improper. Now, for the first time, CPS argues that the *New Valley* ambiguity standard is wrong because it would allow a fact-finder to accept an unreasonable interpretation over a reasonable interpretation.

CPS cannot be serious. It is clear in *New Valley* that the alternative interpretations of the contract must be "reasonable." First, in applying this standard, the *New Valley* court found that the contract term at issue was subject to at least two **"plausible"** interpretations of the provision at issue and, thus, was ambiguous. *New Valley,* 89 F.3d at 152. Second, in setting forth the standard it applied, the *New Valley* court relied on the Third Circuit's opinion in *American Flint Glass Workers Union, AFL–CIO v. Beaumont Glass Co.*, 62 F.3d 574, 581

---

[2] Likewise, CPS also failed to address the applicable standard for determining ambiguity in a contract in its moving brief. *See generally* P. Br. [Docket No. 60].

(3d Cir. 1995).  In *American Flint*, the Third Circuit held that "[i]f a contract can **reasonably** be interpreted in two different ways, neither contracting party is entitled to summary judgment."  *Id.* (emphasis added.)  Clearly, the standard relied on by the Court in this case required a finding of ambiguity by the Court be based on the existence of more than one **reasonable** interpretation of the contract.

The death knell for CPS's arguments is that the Court did not leave the issue of ambiguity open.  Instead, the Court considered the parties' arguments, expressly referred to the arguments in its Opinion, and the Court found and identified specific reasonable interpretations of the term appropriate as used in Section 1.5(b) of the Purchase and Sale Agreement as it applies to both the management of the Hospital's pharmacy and the purchase of pharmaceutical drugs.  *See* Opinion, pp. 28–30.

CPS's new, post-hoc legal argument that "appropriate" is not ambiguous does not avail it.  First, CPS improperly introduced a host of previously uncited cases that it contends sets forth the correct standard for interpreting contracts.  This argument, however, presumes that the Court erred in relying on *New Valley*, which it did not.  Second, CPS then attempts to link this new case law to arguments as to the content of the contract that it did not raise either in its voluminous papers or at the lengthy oral argument of its motion for summary

judgment.   Specifically, CPS now argues that the Court should have compared the use of "appropriate" in section 1.5(b) to the parties' agreement in section 2.2(d) to keep employee salaries reasonable, in order to conclude that the Agreement is unambiguous.   Not only was this argument never made by CPS previously, but, even if considered, it fails to provide a rational basis for the Court to alter its opinion that the term "appropriate" "may incorporate a variety of requirements . . . ."   Opinion, at 28.   Thus, CPS at most has introduced yet another cause for the Court to find the term "appropriate" to be ambiguous, not a basis for the Court to resolve such ambiguity in favor of CPS's interpretation of the contract.

Accordingly, CPS's motion for reconsideration of the Court's finding that the term "appropriate" is ambiguous should be denied.

**III. The Court Properly Dismissed The Hospital's Negligence Counterclaim Without Prejudice.**

In responding to CPS's motion for summary judgment, the Hospital voluntarily agreed to dismiss its negligence counterclaim without prejudice. In its reply brief, CPS argued that this counterclaim should be dismissed with prejudice.   The Court rejected CPS's position and dismissed the counterclaim without prejudice.   Now, on its motion for reconsideration, CPS presents the very same arguments that it previously presented to

the Court.  Other than disagreeing with the Court's decision, CPS offers no fact or law that was overlooked by the Court that would support reconsideration.  Further, *Sporn v. Ocean Colony Condo. Assoc.*, 173 F. Supp.2d 244 (D. N.J. 2001), the one case relied on by CPS on both its summary judgment motion and here, does not support CPS's claim. In *Sporn*, the court found that a voluntary dismissal without prejudice should be granted absent a showing of prejudice to the defendant (in this case, CPS).  *Id.*, at 255.  CPS made no attempt to establish prejudice in the underlying motion.  Thus, the Court's decision to dismiss the negligence claim without prejudice was proper.

## CONCLUSION

For all of the foregoing reasons, CPS'S motion to reconsider the Court's Order denying summary judgment to CPS on the Hospital's counterclaims should be denied.

Respectfully Submitted,


_____/s Andrew W. Schwartz_____
Anthony Argiropoulos, Esq.
Andrew W. Schwartz, Esq.
SILLS CUMMIS & GROSS P.C.

Attorneys for Defendant
Bergen Regional Medical Center


Dated: May 20, 2013